*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ROGERS, Minors.

UNPUBLISHED
November 3, 2022

No. 360160
St. Clair Circuit Court
Family Division
LC No. 21-000138-NA

Before: LETICA, P.J., and SERVITTO and HOOD, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to the minor children, ETR and JMR, pursuant to MCL 712A.19b(3)(b)(*i*) (parent caused physical injury or sexual abuse), (g) (failure to provide proper care or custody), (j) (reasonable likelihood of harm), and (k)(*ii*) (parent abused a child or sibling and the abuse included criminal sexual conduct). We vacate the trial court's order terminating respondent's parental rights and remand for further proceedings consistent with this opinion.[1]

## I. BASIC FACTS AND PROCEDURAL HISTORY

Respondent and his wife, the mother of the couple's four children, were married for over 24 years. When their divorce was finalized in 2020, the couple had two adult sons and two minor daughters, ETR and JMR. The minor daughters lived with their mother and initially visited with respondent. The minors did not have overnight visits with respondent purportedly because he did not have beds for them.

In 2021, ETR disclosed that she was sexually abused by respondent between 2016 and 2019. She alleged that respondent committed improper acts at the family dinner table and that she woke up to being violated by respondent. It was submitted that ETR had medical and emotional conditions that were exacerbated during the alleged period of abuse. Additionally, when ETR attended a school at which respondent was both a teacher and a coach, her symptoms increased to

---

[1] Because ETR has since reached the age of 18, proceedings on remand only pertain to respondent's parental rights to JMR.

such an extent that she transferred to a different school. After ETR disclosed her abuse, her mother, now divorced from respondent, alleged that she was forced into a sexual act by respondent in the bathroom when ETR and JMR were on the other side of the door asking questions.

Respondent was interviewed by the police as a result of the allegations. He denied committing any sexual acts with ETR. But respondent did admit to forcing himself on his wife during their marriage. On August 31, 2021, felony charges were filed against respondent arising from the allegations raised by ETR and her mother, his now ex-wife.[2]

On November 9, 2021, a third amended petition was filed seeking the termination of respondent's parental rights. Respondent initially requested a jury determine jurisdiction. However, after being apprised of the contents of the third amended petition, respondent pleaded no contest. It was noted that respondent pleaded no contest to the amended petition because of the criminal charges pending against him. Therefore, the parties stipulated to the use of the petition for the factual basis to support the assumption of jurisdiction. The referee addressed respondent, stating:

> Okay. And, then, having reviewed the amended petition, I do find it is a sufficient factual basis. As [counsel for petitioner] put on the record earlier, [respondent], you are entering a no contest plea. The Judge wanted it to be clear, though, that is indicating that you are not contesting that the allegations are true and can be used in a later proceeding, which is also indicated on the pretrial plea of no contest form, do you understand that, sir?

Respondent agreed that he understood. The referee found that respondent's plea was "knowingly, understandably and voluntarily made and that it is an accurate plea." It accepted the plea and jurisdiction over the minors.

On January 12, 2022, a dispositional hearing was held. Apparently, respondent believed that the hearing would address the proofs to support the statutory grounds for termination of his parental rights. Respondent's counsel requested that the hearing be adjourned to allow the criminal case to be resolved first. Alternatively, she sought to bifurcate the proceedings by allowing the petitioner to present its proofs and hold respondent's case in abeyance to preserve his Fifth Amendment rights in light of the pending criminal matter. Counsel for petitioner opposed the request, concluding that the no contest plea rendered the criminal case irrelevant. Apparently, petitioner concluded that the facts underlying the grounds for the no contest plea were all that was needed to be considered "for the best interest hearing." Respondent's counsel argued that respondent pleaded no contest "to the existence of allegations, not that these acts occurred."

The trial court refused to consider the distinction raised by respondent, stating:

> No, no, no, no, no. He doesn't get it both ways. He acknowledged-he pled no contest specifically that these allegations would be considered as true by the Court. That was his plea and he doesn't get to now say I was just pleading no

---

[2] Respondent's criminal trial is pending.

contest that the allegations were made. That doesn't work-it doesn't work that way Counsel. These allegations are-he's bound by them because he pled [] no contest to them. The Court could obtain jurisdiction based up on them and he can't now refute them. This hearing is a dispositional hearing based on that no contest plea and the sole purpose of testimony here today is on whether or not it's in the best interest of the minor children to actually terminate his-and, also for me to make a decision based on the allegations that were made, that he pled no contest to, and whether there's clear and convincing evidence that the statutory basis for termination of his parental rights have been met.

Although the trial court stated that it needed to address the *statutory grounds and* best interests, it then proceeded to conclude that the testimony presented that day, "if any, is solely based on whether it's in the best interest of the kids to actually terminate." The trial court also concluded that respondent's Fifth Amendment rights had no impact because of the higher "standard of proof" required in the criminal case. The court reiterated during the hearing that the only testimony that would be taken addressed "just the best interest of the kids[.]" Petitioner presented two witnesses addressing the filing of the petition and the children's wishes regarding termination of respondent's parental rights as expressed in letters that they wrote. Respondent was allowed to testify[3] solely regarding the nature of his relationship with the children and the activities they participated in as a family. At the close of the hearing, the court found that termination of respondent's parental rights was in the children's best interests, and therefore, terminated respondent's parental rights to the children.

## II. STANDARDS OF REVIEW

The interpretation and application of statutes and court rules is reviewed de novo. *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019). De novo review means the appellate court may address the issue independently without deference to the lower court decision. *Id*. When the trial court renders factual findings, appellate review is for clear error. *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). A trial court's factual findings are clearly erroneous if there is evidentiary support, but the appellate court is definitely and firmly convinced that a mistake was made. *Id*. at 709-710. "Whether a respondent in a termination case was afforded due process is a question of law subject to a de novo standard of review." *In re Bell*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 360191); slip op at 3 (citations omitted).

## III. ANALYSIS

Respondent alleges that the trial court erred and violated his right to due process by relying solely on his no contest plea at the adjudication phase to conclude that the statutory grounds for termination were proven by clear and convincing evidence. We agree.

Following an investigation, the DHHS may file a petition requesting that the court take jurisdiction over a child. *In re Mota*, 334 Mich App 300, 312; 964 NW2d 881 (2020). The petition

---

[3] Before respondent testified, his counsel clarified with the trial court that if respondent did not address the allegations pertaining to ETR, petitioner could not question him regarding that issue.

must delineate essential facts that, if proven, would allow the court to assume and exercise jurisdiction over the child. *Id*. (citations omitted). If the petition is authorized, the adjudication phase occurs. *Id*.

Child protective proceedings are comprised of two phases, the adjudicative phase and the dispositional phase. *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). Generally, during the adjudicative phase, the court determines whether it can take jurisdiction over the child in the first place. *Id*. Jurisdiction may be acquired in two ways. The parent may plead to the allegations in a jurisdictional petition, or a party may demand a trial before a judge or jury to contest the allegations. *In re Thompson*, 318 Mich App 375, 378; 897 NW2d 758 (2016). Once jurisdiction is taken by the court, it determines what action will ensure the child's safety and well-being during the dispositional phase. *Sanders*, 495 Mich at 404.

> If a trial is held regarding adjudication, the respondent is entitled to a determination of the facts by the jury or judge, the rules of evidence apply, and jurisdiction must be established by a preponderance of the evidence. The dispositional phase involves a determination of what action, if any, will be taken on behalf of the child. Unlike the adjudicative [trial], at the initial dispositional hearing the respondent is not entitled to a jury determination of the facts and, generally, the Michigan Rules of Evidence do not apply, so all relevant and material evidence is admissible. [*In re Mota*, 334 Mich App at 312-313.]

Once an adjudicative proceeding is conducted, the court may immediately hold a dispositional hearing. *In re Thompson*, 318 Mich App at 379. However, the two proceedings may not be converged such that there is no distinction between the two. *Id*.

By statute, the trial court is authorized to conduct adjudicative and dispositional proceedings. See *Sanders*, 495 Mich at 404; see also MCL 712a.2(b). MCL 712A.2(b) provides, in pertinent part:

> Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship . . . .

Thus, by statute, the court may acquire jurisdiction over minor children when a respondent, being legally responsible for their care and maintenance "neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals[.]" It is important to highlight that jurisdiction must be established by a preponderance of the evidence. *In re Mota*, 334 Mich App at 312-313. The trial court's factual findings are reviewed for clear error. *In re White*, 303 Mich App at 709. As stated, a trial court's factual findings are

clearly erroneous if there is evidentiary support, but the appellate court is definitely and firmly convinced that a mistake was made. *Id*. at 709-710.

But to terminate parental rights, a trial court must find that at least one of the statutory grounds for termination delineated in MCL 712A.19b(3) has been proved by clear and convincing evidence. *In re Brown/Kindle/Muhammad*, 305 Mich App 623, 635; 853 NW2d 459 (2014). In civil cases, the clear and convincing evidence standard is the most demanding standard applied. *Shahid v Dep't of Health & Human Servs*, 333 Mich App 267, 273; 963 NW2d 638 (2020). Clear and convincing evidence is evidence that creates in the view of the trier of fact a firm belief or conviction pertaining to the truth of the allegations sought to be established, "evidence so clear, direct and weighty and convincing so as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995) (citation omitted).

Although the trial court stated that it would address the satisfaction of the statutory grounds for termination and determine the bests interests of the children, it expressly limited the proofs at the dispositional hearing to best interests. In doing so, the trial court effectively held that the no contest plea was conclusive evidence to support the statutory grounds for termination. However, the plain language of the court rule, see *In re Ferranti*, 504 Mich at 14, governing no contest pleas does not give the plea incontestable effect.

MCR 3.971 addresses the acceptance of a plea of no contest as voluntary and accurate and provides, in relevant part:

> **(B) Advice of Rights and Possible Disposition.** Before accepting a plea of admission or plea of no contest, the court must advise the respondent on the record or in a writing that is made a part of the file:
>
>> (1) of the allegations in the petition;
>>
>> (2) of the right to an attorney, if respondent is without an attorney;
>>
>> (3) that, if the court accepts the plea, the respondent will give up the rights to
>>
>>> (a) trial by a judge or trial by a jury,
>>>
>>> (b) have the petitioner prove the allegations in the petition by a preponderance of the evidence,
>>>
>>> (c) have witnesses against the respondent appear and testify under oath at the trial,
>>>
>>> (d) cross-examine witnesses, and
>>>
>>> (e) have the court subpoena any witnesses the respondent believes could give testimony in the respondent's favor;

(4) *of the consequences of the plea, including that the plea can later be used as evidence in a proceeding to terminate parental rights if the respondent is a parent.*

\* \* \*

**(D) Voluntary, Accurate Plea.**

(1) Voluntary Plea. The court shall not accept a plea of admission or of no contest without satisfying itself that the plea is knowingly, understandingly, and voluntarily made.

(2) Accurate Plea. The court shall not accept a plea of admission or of no contest without establishing support for a finding that one or more of the statutory grounds alleged in the petition are true, preferably by questioning the respondent unless the offer is to plead no contest. If the plea is no contest, the court shall not question the respondent, but, by some other means, shall obtain support for a finding that one or more of the statutory grounds alleged in the petition are true. The court shall state why a plea of no contest is appropriate. [Italics emphasis added.]

The general rule allows for the dispositional hearing to be resolved on all relevant and material evidence regardless of the application of the Michigan Court Rules. *In re Mota*, 334 Mich App at 312-313. However, when the termination of parental rights is sought at the initial dispositional hearing, the court must find that the statutory grounds for termination are premised on clear and convincing *legally admissible* evidence. *In re Utrera*, 281 Mich App 1, 16-17; 761 NW2d 253 (2008). MCR 3.977(E) provides:

(E) **Termination of Parental Rights at the Initial Disposition.** The court shall order termination of the parental rights of a respondent at the initial dispositional hearing held pursuant to MCR 3.973, and shall order that additional efforts for reunification of the child with the respondent shall not be made, if

(1) the original, or amended, petition contains a request for termination;

(2) at the trial or plea proceedings, the trier of fact finds by a preponderance of the evidence that one or more of the grounds for assumption of jurisdiction over the child under MCL 712A.2(b) have been established;

(3) at the initial disposition hearing, the court finds on the basis of clear and convincing legally admissible evidence that had been introduced at the trial or plea proceedings, or that is introduced at the dispositional hearing, that one or more facts alleged in the petition:

(a) are true, and

(b) establish grounds for termination of parental rights under MCL 712A.19b(3)(a), (b), (d), (e), (f), (g), (h), (i), (j), (k), (l), or (m);

(4) termination of parental rights is in the child's best interests.

In this case, respondent entered a no contest plea at the adjudication phase. There is no dispute that, in accepting the plea, the court complied with MCR 3.971(B)(4) and advised respondent "of the consequences of the plea, including that the plea can later be used as evidence in a proceeding to terminate parental rights if the respondent is a parent." Contrary to petitioner's argument, however, respondent is not challenging the validity of his plea[4] at the adjudication phase; rather, he is challenging the *effect* of that plea at the dispositional phase and whether he was afforded due process. Further, respondent protests the fact that the trial court accepted his plea as clear and convincing legally admissible evidence to support the statutory grounds for termination of parental rights. Indeed, respondent's no contest plea to allow the court to obtain jurisdiction merely satisfied the preponderance of the evidence standard. *In re Mota*, 334 Mich App at 312-313 (jurisdiction must be established by a preponderance of the evidence). When respondent pleaded no contest to contents of the petition, he was advised that his plea could be used as evidence against him later in the proceedings. However, he was not apprised, and the court rule does not provide, that the preponderance of the evidence of his plea used to support the assumption of jurisdiction would be given conclusive effect and deemed to be clear and convincing legally admissible evidence to demonstrate the statutory grounds to terminate his parental rights. Petitioner was not alleviated of its burden to show that the statutory grounds for termination of respondent's parental rights were demonstrated by clear and convincing legally admissible evidence. Moreover, the trial court expressly denied respondent the opportunity to present any evidence at the initial dispositional hearing pertaining to statutory grounds, concluding that it would only entertain testimony addressing best interests of the children. Thus, the import or conclusive effect given to the no contest plea and the failure to allow the presentation of additional evidence addressing the statutory grounds for termination deprived respondent of due process.

Accordingly, we vacate the trial court's order terminating respondent's parental rights to his minor children and remand for further proceedings, including a dispositional hearing at which the trial court should allow the parties to present evidence relevant to the statutory grounds for termination and make findings regarding the existence of a statutory ground for termination on the

---

[4] We note that respondent did not seek to withdraw his plea. Indeed, the time for filing an appeal of the issue had passed, but the dispute regarding the nature and extent of the allegation to which respondent pleaded no contest did not arise until a discussion occurred at the initial dispositional hearing. Furthermore, petitioner did not assert that the proofs to support the bindover on the criminal charges, only probable cause, could be considered for purposes of establishing the statutory grounds for termination.

basis of legally admissible evidence.  Because ETR has since reached the age of 18 years, proceedings on remand are limited to JMR only.[5]

Vacated and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Anica Letica
/s/ Deborah A. Servitto
/s/ Noah P. Hood

---

[5] Given our resolution of this issue, we do not reach respondent's second issue on appeal concerning the trial court's best interest determination.